## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID MELSON, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 08-287 (CKK)** |
| | ) | |
| | ) | |
| DIRK KEMPTHORNE, Secretary | ) | |
| U.S. DEPT. OF INTERIOR, | ) | |
| NATIONAL PARK SERVICE | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MOTION TO DISMISS

Federal defendant moves, pursuant to Fed.R.Civ.P. 12 (b)(1) and 12(b)(6), to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.  The grounds for the motion are that Plaintiff's civil action is untimely, he failed to exhaust his administrative remedies, and his action is barred by laches.  The arguments are set forth in more detail in the accompanying memorandum of points and authorities.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

_/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID MELSON, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )    **Civil Action No. 08-287 (CKK)** |
| | ) |
| | ) |
| DIRK KEMPTHORNE, Secretary | ) |
| U.S. DEPT. OF INTERIOR, | ) |
| NATIONAL PARK SERVICE | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM OF POINTS & AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

I.  Preliminary Statement.

Plaintiff asserts a claim of retaliatory hostile work environment against the defendant for

employment discrimination pursuant to the Civil Rights Act, Title VII, 42 U.S.C. sec. 2000e et

seq.  The plaintiff, Mr. Melson, is an African-American male employed as a Sheet Metal

Mechanic Supervisor with the National Park Service, U.S. Department of Interior.  Plaintiff

alleges that he was subjected to a hostile work environment from April 1995 until September

2005.  Complaint ¶¶ 8-100.[1]  Further, many of the matters about which Plaintiff complains

involved the words or deeds of his former supervisor, William Gibson.  The matter of most

concern to Plaintiff occurred on June 2, 2005, when his subordinate co-worker affixed a rope that

was fashioned as a noose over his office door.  Plaintiff does not allege that this act was

---

[1]

Paragraphs 23 though 46 are missing from the Complaint.

3

instigated by management but he alleges that management had notice of its occurrence and, by taking no action to address the action, condoned it.  Complaint, ¶¶ 19-116.

There are two counts in the civil action.  The first count is retaliation and the second is harassment/hostile work environment.  Both counts assert the same cause of action–retaliatory hostile work environment.  Both counts contain similar allegations, that Plaintiff's supervisors, Messrs. Gibson and Nichols, retaliated against him as a result of his successful efforts to become a supervisor in September 2001.  Complaint ¶¶ 117-146.  They allegedly created a hostile work environment in which John Carrasco "found it acceptable to place hangman's noose over Melson's office door."  Complaint ¶ 124.

Plaintiff sought informal EEO counseling on June 29, 2005, about the noose incident and and filed a formal complaint on October 18, 2005.  Complaint ¶¶ 104-105.  Subsequently, after requesting a hearing before an EEOC administrative judge, on November 28, 2006, Plaintiff's attorney, E. Ned Sloan filed a Motion to Withdraw Complaint in which he requested to withdraw Plaintiff's complaint and Plaintiff's request for a hearing.  Complaint ¶ 107.  By Order dated November 29, 2006, EEOC Administrative Judge Joel Kravetz granted Plaintiff's request to withdraw his complaint and request for a hearing, and dismissed Plaintiff's complaint with prejudice.  Attachment A, Notice of Withdrawal.  Administrative Judge Kravetz' dismissal order became final on January 8, 2007.  29 C.F.R. § 1614.109(i).  Plaintiff filed the instant lawsuit on February 20, 2008.

## II.  Legal Standards for Motions to Dismiss

### A.  Pursuant to Fed. R. Civ. P. 12(b)(1)

Federal courts are created by Article III of the Constitution.  Unlike state courts, which

are courts of general jurisdiction, federal courts have limited jurisdiction. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. at 674, 701 (1982). 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE sec. 3522 2008. Federal courts only have jurisdiction as set forth in statutes passed by Congress. *Id*. Thus, there is a presumption that a federal court lacks jurisdiction unless and until jurisdiction is proven. *Commodity Futures Trading Commission v. Nahas*, 738 F. 2d 487, 492 n.9 [citations omitted] (D.C. Cir. 1984). The party invoking the jurisdiction of the Court must plead and prove the existence of subject matter jurisdiction in order to proceed with this litigation, otherwise the orders of the court are a nullity. *Id*.; *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353-54 (1920).

## B. Pursuant to 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Aktieselskabet v. Fame Jeans, Inc.*, -- F.3d ---, 2008 WL 1932768 (D.C. Cir. Apr. 29, 2008); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C.

Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

However, the Court need not accept any inferences or conclusory allegations that are unsupported

by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not

"accept legal conclusions cast in the form of factual allegations." Id.

III. Argument

A. PLAINTIFF'S LAWSUIT IS UNTIMELY AND SHOULD BE DISMISSED.

Under the Civil Rights Act, as amended in 1991, an aggrieved party must file a civil

action, if any, in federal district court in conformity with a certain time frame. 42 U.S.C.A. sec.

2000e-16(c). Following the initiation of administrative proceedings, an aggrieved party may file

a civil action within 90 days of final action by the EEOC, or within 180 days from the date of

filing the EEO complaint if an appeal has not been filed and a final decision has not been issued.

*Id.*[2] 29 C.F.R. sec. 1614.407(a)(b).

---

[2]42 U.S.C.A. sec 2000e-16(c) provides:

Civil action by employee or applicant for employment for redress of grievances; time for
bringing of action; head of department, agency, or unit as defendant

Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred
to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon
an appeal from a decision or order of such department, agency, or unit on a complaint of
discrimination based on race, color, religion, sex or national origin, brought pursuant to
subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or
after one hundred and eighty days from the filing of the initial charge with the department,
agency, or unit or with the Equal Employment Opportunity Commission on appeal from a
decision or order of such department, agency, or unit until such time as final action may be taken
by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the
final disposition of his complaint, or by the failure to take final action on his complaint, may file
a civil action as provided in section 2000e-5 of this title, in which civil action the head of the
department, agency, or unit, as appropriate, shall be the defendant.

Here plaintiff withdrew his EEO complaint and his request for a hearing prior to final agency action.  Complaint ¶ 107.  Thereafter, Administrative Judge Kravetz issued the order dismissing Plaintiff's EEO complaint, with prejudice.  Attachment A.  That order became the final agency action on January 8, 2007.  Plaintiff did not file a civil action in district court either within 90 days of receipt of final action by the EEOC, or within 180 days after filing his EEO complaint.  *See* Complaint ¶ 108; 29 C.F.R. § 1614.407; *see Irwin v. Dept. of Veterans' Affairs*, 498 U.S. 89 (1992).  Accordingly, Plaintiff's civil action is untimely because it was not filed until February 20, 2008, more than a year after the EEOC administrative judge's order became final.[3]

---

[3]

There exists some uncertainty within this District regarding whether a failure to properly exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a 12(b)(6) motion.  *Compare Mills v. Billington*, Civ. A. No 04-2205 (HHK), 2006 WL 1371683, at *2 (D.D.C. May 16, 2006) ("It is well-settled that a plaintiff's failure to exhaust her administrative remedies will deprive a district court of subject matter jurisdiction[.]"); *Williams v. Chertoff*, Civ. A. No. 05-0211 (RCL), 2005 WL 3200794, at *1 (D.D.C. Nov. 1, 2005) (same); *with Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 118-23 (D.D.C. 2006) (Walton, J.) (failure to timely exhaust is not a jurisdictional defect); *Walker v. Paulson*, Civ. A. No. 06-1115 (PLF), 2007 WL 1655879, at *2 (D.D.C. June 7, 2007) (same); *see also Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003) (recognizing that prior D.C. Cir. decisions have reached conflicting answers as to whether a failure to exhaust is jurisdictional, but declining to decide the matter); *Mianegaz v. Hyatt Corp.*, 319 F. Supp. 2d 13, 17 (D.D.C. 2004) (Urbina, J.) (same); *Marcelus v. Corr. Corp. of Am. / Corr. Treatment Facility*, 540 F. Supp. 2d 231, n.4 (D.D.C. Mar. 31, 2008) (Leon, J.) (noting that "courts in this district continue to grapple with the appropriate standard for failure to exhaust," noting inconsistencies among courts in the D.C. Circuit).  However, much like in *Rann*, the distinction for purposes of this Motion is academic as dismissal is appropriate under either Rule 12(b)(1) or Rule 12(b)(6).  *See also Smith v. Jackson*, 539 F. Supp. 2d 116, 128 (D.D.C. Mar. 10, 2008) (Kollar-Kotelly, J.) ("the Court agrees that it relates to Plaintiff's exhaustion of his administrative remedies and thus to the Court's jurisdiction to entertain Plaintiff's [Title VII] claims," analyzing exhaustion under Rule 12(b)(1)); *but see Hayes v. Chao*, 541 F. Supp. 2d 387, n.3 (D.D.C. Apr. 2, 2008) (Kollar-Kotelly, J.) ("Exhaustion is not a jurisdictional prerequisite to plaintiff's [Title VII] claims[.]").  But in this case that question is academic because dismissal is appropriate under either rule.

B.  IN THE ALTERNATIVE, PLAINTIFF'S DISCRIMINATION CLAIMS SHOULD BE
DISMISSED FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

Prior to seeking relief in district court under Title VII, a federal employee must timely exhaust all available administrative remedies.  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407; *Brown v. General Services Admin.*, 425 U.S. 820, 832 (1976) (highlighting that the right of aggrieved federal employees to file employment discrimination claims in federal district court comes with "certain preconditions" such as initially seeking relief in the employee's respective agency).  Plaintiff's claims are not properly before this Court because he failed to exhaust his administrative remedies.  As such, his claims should be summarily dismissed.

The administrative exhaustion requirement is not a mere technicality, but instead illustrates unequivocal Congressional intent that federal employment discrimination complainants initiate their complaints before the allegedly discriminating agency.  *Kizas v. Webster*, 707 F.2d 524, 544 (D.C. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984) (*citing Brown*, 425 U.S. at 832); *see, e.g., United Airlines v. Evans*, 431 U.S. 553, 554-55 (1977).  A complainant's failure to exhaust his or her administrative remedies circumvents the structure of Title VII in the federal employment context.  *See Kizas*, 707 F.2d at 544 (cautioning against "erosion of the 'carefully structured scheme for resolving charges of discrimination within federal agencies.'") (*quoting Porter v. Adams*,  639 F.2d 273, 277 (5th Cir. 1981)).

Exhaustion of administrative remedies as a prerequisite to judicial relief stems from the long-recognized principle that conciliation and internal agency resolution, rather than litigation, are the objectives of the civil rights statutes.  *See Bayer v. United States Dep't of Treasury*, 956

F2d 330, 332 (D.C. Cir. 1992); *Seigel v. Kreps*, 654 F.2d 773, 776-77 (D.C. Cir. 1981). The

exhaustion requirement provides the agency with prompt notice of the discrimination claim and

an opportunity to rectify any wrong through the conciliation process or through administrative

relief. *Sampson v. Civiletti*, 632 F.2d 860, 862-63 (10th Cir.1980); *see also Brown v. General

Services Admin.*, 425 U.S. at 832-33.

The applicable federal sector EEO regulations require that each complainant bring his or

her discrimination claim to the attention of an EEO counselor within 45 days of the allegedly

discriminatory action. See 29 C.F.R. § 1614.105(a). Moreover, a federal employee must first

raise a matter with an EEO counselor before filing an EEO complaint. 29 C.F.R. § 1614.107(b).

Failure to contact an EEO counselor within 45 days of the relevant action constitutes a failure to

properly exhaust administrative remedies by bringing the complaint to the attention of the

respective agency. *See, e.g., Saltz v. Lehman*, 672 F.2d 207 (D.C. Cir. 1982); s*ee also Brown v.

General Services Admin.*, 425 U.S. at 832. Furthermore, failure to exhaust administrative

remedies deprives a district court of subject matter jurisdiction and is grounds for dismissal.

*Brown v. General Services Admin.*, 425 U.S. 820; *see, e.g. Williams v. Chertoff*, No. Civ.

05-211(RCL), slip op. 2005 WL 3200794, at 2 (D.D.C. 2005); *Wilkins v. Daley*, 49 F.Supp.2d 1,

2 (D.D.C. 1999); *Williamson v. Shalala*, 992 F.Supp. 454, 457-58 (D.D.C. 1998).

      1.     **Plaintiff's voluntary dismissal precluded final agency action.**

In this case, plaintiff failed to exhaust his administrative remedies because he moved to

dismiss his EEO complaint prior to final agency action. Complaint ¶ 107. His motion was

granted. Attachment A. The voluntary dismissal by plaintiff frustrated the agency's efforts to

resolve the complaint. *Cf. McRae v. Librarian of Congress*, 843 F.2d 1494 (D.C. Cir. 1988),

*citing with approval Mackay v. United States Postal Service*, 607 F. Supp. 271, 276 (E.D. Pa.

1985)"(exhaustion requires that administrative procedures be pursued to conclusion)."

> **2.      Plaintiff did not seek EEO counseling for claims other than the noose-hanging incident, his subsequent failure to receive an award, and his non-selection to act as shop foreman in the absence of his supervisor.**

As a result of the noose-hanging incident, Mr. Melson sought EEO counseling on June 29,

2005[4]. Attachment B; Report of counseling, page 4.  He did not complain of any discriminatory

events prior to the noose-hanging incident.  *Id.*, 4, 5.  The EEOC identified sixteen claims

asserted by the Plaintiff in his EEO complaint.  Attachment C; Accepted Claim Letter from EEO.

It accepted three claims for investigation as follows:

> 14.  Your client alleges that he was discriminated against and subjected to a hostile work environment based on race (African American), and color (black) when he became aware of a hangman's noose hanging above his office door, and management refused to take appropriate action.  (June 2, 2005)

> 15.  Your client was subjected to continuous harassment in the form of verbal attacks, and retaliation for engaging in protected EEO activity when he was denied a performance award as other similarly situated employees.  (September 15, 2005)

> 16.  Your client was subjected to harassment and retaliation for filing a formal complaint when he was not given an opportunity to act as shop foreman during his supervisor's absences, as other similarly situated employees.  (Most recently September 2005 and continuing)

*Id.*  Defendant's EEO office declined to accept thirteen claims for investigation due to

Plaintiff's failure to seek EEO counseling.  *Id.*, p. 3).  The agency dismissed these thirteen

claims.  Plaintiff did not contest the dismissal.  Hence, all claims of discrimination that occurred

---

[4]The complaint incorrectly asserts that Mr. Melson sought counseling on June 29, 2007 (Complaint, ¶ 104).  He sought counseling on June 29,2005.

prior to May 15, 2005 (45 days before plaintiff sought counseling) should be dismissed for plaintiff's failure exhaust his administrative remedies by seeking EEO counseling.[5]

C.  IN THE ALTERNATIVE, PLAINTIFF'S LAWSUIT BARRED BY LACHES.

The defense of laches is available to an employer if the plaintiff was responsible for inexcusable delay in filing suit and that defendant was prejudiced by the delay.  *Rozen v. D.C.*, 702 F. 2d 1202, 1203 (D.C. Cir. 1983).  Whether to apply the doctrine of laches to bar claims of discrimination is within the discretion of the court.  *Hukkanen v. International Union of Operating Engineers, Hoisting & Portable Local No. 101*, 3 F. 3d 281 (8th Cir. 1993).  Although courts are reluctant to apply laches to bar timely claims of discrimination (see *Bethel v. Jefferson*, 589 F. 2d 631, 642 (D.C. Cir. 1978), courts do not hesitate to apply it to bar claims that are not timely due to plaintiff's action or inaction if it causes prejudice to the defendant.  *Ashley v. Boyle's Famous Corned Beef Co.*, 66 F. 3d 164, 170 (8th Cir. 1995).

Plaintiff, while represented by counsel, withdrew his EEO complaint and as a result the Agency was precluded from taking final agency action.  Plaintiff then failed to bring a civil action in a timely manner.  The discriminatory events alleged by plaintiff in his lawsuit occurred between 1995 through 2005.  Time has passed, witnesses have retired, and memories have faded. Defendant has been prejudiced by the delay and Plaintiff's lawsuit should be barred by laches.

## IV.  Conclusion

For the foregoing reasons, defendant requests that this case be dismissed in its entirety for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

---

[5] *See supra* n.3.

Respectfully submitted,


_/s/_____
JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


_/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332


OF COUNSEL:

Jacqueline Jackson
Attorney-Advisor
Office of the Solicitor
U.S. Department of the Interior



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON FIELD OFFICE**
**1801 L Street, N.W., Suite 100**
**Washington, D.C. 20507-1002**

|  |  |  |  |
|---|---|---|---|
| David Melson, | ) | | |
|     Complainant, | ) | **EEOC No.** | 570-2006-00589X |
| | ) | | |
|     v. | ) | | |
| | ) | | |
| Dirk Kempthorne, | ) | **Agency No.** | FNP 2006-005 |
| Secretary, | ) | | |
| Department of the Interior, | ) | | |
|     Agency. | ) | **Date** | **November 29, 2006** |
| | ) | | |

## NOTICE OF WITHDRAWAL

    On November 28, 2006, I received a facsimile from Complainant's Representative, wherein he expressed Complainant's desire to withdraw his complaint from the administrative EEO process. Accordingly, I **GRANT** Complainant's request, and I **DISMISS** this complaint with prejudice.

    Pursuant to revisions to EEOC's regulations, we no longer return copies of the Report of Investigation ("ROI") to Agencies. We will hold our copy of the ROI for thirty days, during which time the Agency may arrange to pick it up by calling Tanya Stanfield at (202) 419-0719. If we do not hear from the Agency within thirty days, we will destroy our copy of the ROI.

It is so **ORDERED.**

For the Commission.

Joel A. Kravetz
Administrative Judge
Telephone    (202) 419-0723
Facsimile    (202) 419-0701
Email    joel.kravetz@eeoc.gov

1

# CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing **ORDER** and any attachments within five (5) calendar days after the date they were sent *via* first class mail, or the same day if sent via facsimile or electronic mail. I certify that on November 29, 2006, the foregoing **ORDER** was sent *via* facsimile, first class mail, or electronic mail, as set forth below, to the following:

David Melson
17901 Merina Drive
Accokeek, MD 20607

E. Ned Sloan
Sloan & Associates
7600 Georgia Ave., Suite 208
Washington, D.C. 20008
VIA FACSIMILE to (202) 829-4249

Jacqueline Jackson
U.S. Department of the Interior
Office of the Solicitor
1849 C. Street, N.W. MS-7308
Washington, D.C. 20240
VIA FACSIMILE to (202) 208-3230

Ms. Sharon D. Eller
Director, Office of Civil Rights
Department of the Interior
1849 C. Street, NW, MIB-5212
Washington, DC 20240

Joel A. Kravetz
Administrative Judge

2



EXHIBIT

B

# DEPARTMENT OF THE INTERIOR

# EQUAL OPPORTUNITY OFFICE

# REPORT OF COUNSELING[1]

## REPORTING

**RECEIVED**
NOV 16 2005
NATIONAL PARK SERVICE
EQUAL OPPORTUNITY OFFICE

Note:  Attach all relevant documents and supplemental sheets, including but not limited to a:

a.   Copy of the Rights and Responsibilities for Processing Complaints of Discrimination, signed by the aggrieved person , including the certificate of receipt, if mailed.

b.   Copy of the Notice of Final Interview signed by the aggrieved person , including a copy of the certificate of receipt, if mailed.

c.   Copy of any informal resolution agreement(s) presented to the aggrieved person for acceptance/rejection.

d.   Copy of the Agreement to Extend the Counseling Period, if an extension was approved.


**BUREAU:** National Park Service

**EEO COUNSELOR'S NAME:** Kimberly Andrews, Contractor

**LOCATION:** _N/a_      **TELEPHONE:** (301) 317-9786

**EEO COUNSELOR'S SIGNATURE AND DATE:** _Kimberly Andrews_ 10/6/05

**EQUAL OPPORTUNITY MANAGER'S/**
**SPECIALIST'S SIGNATURE AND DATE, IF APPLICABLE:** _Joya Harris_ 11/14/05


[1] The information contained in this report is subject to the non-disclosure provisions of the Privacy Act of 1974, Public Law 93-579, 5 U.S.C. 552a.  A copy of this report should be given to the aggrieved person after he/she files a formal complaint.

**PART A**
**KEY FACTS**

1.    **Aggrieved person's Full Name:** David Melson

Address: 17901 Merino Drive
Accokeek, MD 20607


Cell Phone: .


2.    **Place of Employment:**

Address:    National Park Service
National Mall Memorial Parks
Maintenance Division
515 New York Avenue, NE
Washington, DC  20002

Work Phone:    (202) 426-6870

Position, if working for Federal Government: Sheet Metal Mechanic Supervisor,
WS-10

3.    **Office Where Complaint Arose, if different from above:**

Address:    (see above)

4.    **Anonymity Requested:** (mark one)  Yes _____  No __X___

5.    **Aggrieved Person's Representative:** _E. Ned Sloan_

Address:    Sloan & Associates
7600 Georgia Avenue, NW
Washington, DC  20012

Phone:    (202) 829-0886

___X___ Attorney        _____ Non-Attorney

6.    **Aggrieved Person∗s Initial Contact with EEO Official** (Date):  June 29, 2005 (via fax from
Representative)

7.    **EEO Counselor∗s Initial Interview with Aggrieved Person** (Date): August 12, 2005

8.    **Regional Equal Opportunity Manager Advised of Complaint** (Date):  June 29, 2005

3

When providing alternate counseling, Bureau EEO Officer/EEO Manager advised of Complaint (Date): _____

9.    **Notice of Rights and Responsibilities for Processing Complaints of Discrimination Issued** (Date):   August 26, 2005

10.    **Notice of Final Interview (NOFI):**     Date hand delivered _____

Date Sent and Certified Mail number: October 4, 2005
Tracking # 1Z79Y84V0393256531

(Note: The NOFI also must be sent to the representative if the aggrieved person has designated one)

11.    **Notice of Final Interview Received by Aggrieved Person**     (Date):   October 5, 2005

(If the Notice of Final Interview was mailed, attach the certified mail return receipt card [green card]).

12.    **Agreement to Extend Counseling Period**

a. Date on which Agreement to Extend Counseling Period was Signed:  August 26, 2005

b. Date to which Counseling Period was Extended:  September 28, 2005

## PART B
## REASON(S) FOR SEEKING COUNSELING

1.    **Alleged Discriminatory Basis (Be specific.  For example, if "Age," give the date of birth):**

Race: _African-American_____     Color: _____
Sex: _____     Religion: _____
Age: _____     National Origin: _____
Mental Disability: _____
Physical Disability: _____

Reprisal: _____
If in connection with the employee's  prior complaint activity, indicate whether an informal or formal complaint was pursued.  If the individual filed a formal complaint(s), provide the Docket Number(s): _____.     If the prior EEO activity was unrelated to the individual's  complaint, describe  the EEO activity the individual participated in (i.e., served as a witness in the investigation of X complaint; objected to a discriminatory comment made by X in Y month, Z year, etc.).

Other: (Matter not covered by Federal EEO complaint regulations under 29 C.F.R. 1614 - Also See Part E.3.

4

2.    **Alleged Discriminatory Matter(s)/Action(s):**

**For each allegation, separately** state the bases, the specific incident, and the date of the incident. (For example, the aggrieved person alleges discrimination based on age (over 40) when he/she became aware on March 15, 1997, that she/he was not promoted to the position of Park Ranger, GS-5, advertised in Vacancy Announcement Number xxxx. After identifying the allegation, explain why or how the aggrieved person believes he/she has been harmed.)

Aggrieved believes he was discriminated against on basis of race (African-American) when he became aware a noose was hung in his place of work (6/2/05), and management failed to investigate and handle the matter.

**Date of 45th Day After Last Incident:** (calendar days)    July 17, 2005

3.    **If any incidents occurred more than 45 days before initial contact, record the individual's reason(s) why (s)he did not raise the matter earlier?**

N/A

**In what manner was the aggrieved person made aware of the discrimination complaint procedures, including the time limit in which to contact an EEO Counselor?** (Record your observations as to where EEO posters are displayed or the manner in which employees/applicants are made aware of the discrimination complaint procedures. For example, state if the office displays a poster on its official bulletin board identifying the name, location, and phone numbers of the EEO Counselors. Describe if the poster includes a notice of the requirement to contact an EEO Counselor and the time limits for doing so. Include a copy of the certificate of posting [copy attached] )

4.    **Corrective Action Sought by and Discussed with Aggrieved person:** (Describe the relief/remedies requested by the aggrieved person. Indicate if the aggrieved person is seeking compensatory damages).

(1) Compensatory damages in the amount of $250,000;
(2) Reasonable attorney fees;
(2) Sensitivity training for staff and management; and
(3) Training course to enhance promotion prospects for Aggrieved.



# United States Department of the Interior

### NATIONAL PARK SERVICE
1849 C Street, N.W.
Washington, D.C. 20240

EXHIBIT
C

IN REPLY REFER TO:

P4217(0008)
FNP-2006-005

DEC 2 8 2005

**CONFIDENTIAL**
**TO BE OPENED BY ADDRESSEE ONLY**

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. E. Ned Sloan
Sloan & Associates
7600 Georgia Avenue, N.W.
Washington, D.C. 20012

Dear Mr. Sloan:

This is in reference to the complaint of discrimination which your client, David Melson, filed against the National Park Service (NPS). Your client's complaint filed on October 18, 2005, was received in the NPS Equal Opportunity Office, in Washington, D.C., on October 20, 2005, and has been assigned Docket Number FNP-2006-005. Please refer to this Docket Number in all communication regarding this complaint.

Your client's complaint shall be processed in accordance with title 29, Code of Federal Regulations, Part 1614 (29 CFR 1614). Please be aware that 29 CFR 1614.606 states:

> "Complaints of discrimination filed by two or more complainants consisting of substantially similar allegations of discrimination or relating to the same matter may be consolidated by the agency or the Commission for joint processing after appropriate notification to the parties."

In accordance with the above-referenced section, your client's complaint FNP-2006-005 and the EEO complaints of Anthony Vick, FNP-2006-007, and Jordan Whitaker, FNP-2006-008, have been consolidated for joint processing.

We have reviewed your client's complaint and have identified the following claims.

**ACCEPTED CLAIM**
**PAGE 1 OF 10**

Your client alleges that he was discriminated against and subjected to harassment based on race (African American), and color (Black) when:

1.  Your client's supervisor refused to allow him to take the tool box out of the shop. (June 1995)

2.  Your client's supervisor made derogatory racial comments. (October 1995)

3.  Your client was denied the opportunity to install a copper cupola in the presence of another individual. (October 1997)

4.  Your client was not allowed to continue with a guard booth project located at the White House (May 1998)

5.  Your client was denied the opportunity to take pictures of a project that he was responsible for preparing and modifying. (September 1998)

6.  Your client was treated differently than another employee regarding a work assignment. (April 2001)

7.  Your client's supervisor tried to interfere with your client being selected for the supervisor's position in the sheet Metal Shop. (January 2002)

8.  Your client's supervisor denied the approval of the use of a surplus Dodge Truck for your client, although the supervisor approved a brand new Pickup Truck for another employee. (April 2002)

9.  Your client's supervisor destroyed three metal well covers fabricated, designed and installed by your client. (June 2002)

10. Your client's supervisor attempted to stop the delivery of a cabinet and counter for the White House. (February 12, 2004)

11. Your client's supervisor attempted to stop the completion and delivery of a counter, sink and shelf unit designed for the United States Park Police by removing the hardware and accessories necessary to complete the job. (October 2004)

12. Your client became aware that his supervisor made comments of a threatening nature against your client's health and well being. (September – October 2004)

13. Your client alleges that his supervisor continues to harass him by making verbal attacks against him, and accusing him of defying orders, not being a team player or completing his work assignments. (August 2004)



ACCEPTED CLAIM
PAGE _2_ OF _10_

14.  Your client alleges that he was discriminated against and subjected to a hostile work environment based on race (African American), and color (black) when he became aware of a hangman's noose hanging above his office door, and management refused to take appropriate action. (June 2, 2005)

15.  Your client was subjected to continuous harassment in the form of verbal attacks, and retaliation for engaging in protected EEO activity when he was denied a performance award as other similarly situated employees. (September 15, 2005)

16.  Your client was subjected to harassment and retaliation for filing a formal complaint when he was not given an opportunity to act as shop foreman during his supervisor's absences, as other similarly situated employees. (Most recently September 2005 and continuing)

In regards to claims 1 through 13, we are recommending dismissal because your client did not bring these claims to the attention of an EEO counselor in a timely manner. The regulations at 29 Code of Federal Regulations (CFR), Part 1614.105(a)(1) provide that an aggrieved person must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. Our records reflect that your client became aware of the alleged incidents beginning in June 1995 through August 2004. However, your client did not contact an EEO Official to request counseling until June 29, 2005, well over the 45 days to contact an EEO counselor as required by regulations.

The final decision regarding the dismissal of claims 1 through 13, will be made by the Administrative Judge, EEOC, if you request a hearing from the EEOC. If you request a final agency decision, the decision will be made by Sharon D. Eller, Director, Office of Civil Rights (OCR). Therefore, claims 1 through 13, will not be investigated at this time.

By this letter we are accepting your client's claims 14, 15 and 16 for investigation and further processing. Please have your client review the accepted claims carefully. If your client is not satisfied with the accepted claims as stated, your client may, within **5 calendar days of receipt of this letter**, submit a statement to this Office concerning our articulation of your client's issues, which will become a part of the complaint file.

Your client's complaint shall be processed in accordance with Title 29 Code of Federal Regulations 1614.106 through 1614.110. Please be advised that the above referenced regulations require that the agency's investigation be completed within 180 days of the filing of the formal complaint unless the complainant and the agency agree in writing to extend the period. The investigative period may be extended for an additional 90 calendar days.

We have calculated that on April 15, 2006, 180 days **will have** elapsed since the filing of your client's formal complaint. Although we are prepared to conduct a complete, fair, and timely investigation, we ask your client to consider signing the enclosed Agreement to



ACCEPTED CLAIM
PAGE 3 OF 10

4

Extend Investigation of Complaint. Please return the signed and dated Agreement in the envelope provided. You and your client will be notified of the assignment of an Equal Employment Opportunity Investigator who will conduct the investigation of your client's complaint.

The investigation of your client's complaint should be completed within **one hundred-eighty (180) calendar days** from the date that your client filed his complaint. If the investigation is not completed within that timeframe and your client have not agreed to an extension, your client will have the right to request a hearing before an Administrative Judge (AJ), from the Equal Employment Opportunity Commission (EEOC). To make such a request, please refer to the guidance described below regarding the right to request a hearing which is available to your client upon your receipt of the Report of Investigation (ROI).

Upon completion of the investigation, a copy of the Summary and ROI will be issued to you and your client for your review and retention. Your client is required to safeguard witness statements, affidavits, responses to interrogatories, and other information which relates to your client's complaint, by not making public disclosure of such information, and by using such information only in connection with the processing of your client's EEO complaint. Upon issuance of the ROI, your client will have the right to request a hearing before an AJ or a final decision, without a hearing, from the Department of the Interior. Your client will have **thirty (30) calendar days** from the date you receive the ROI in which to make this request.

If your client elects to have a hearing, your client is required to certify to the AJ that she sent a copy of the hearing request to the Department of the Interior. Your client's request for a hearing must be made directly to the EEOC and sent to the following address:

> Field Director
> Washington Field Office
> Equal Employment Opportunity Commission
> 1801 L Street, Suite 100
> Washington, D.C. 20005

A copy of your client's request for a hearing must also be provided to:

> Dianne A. Spriggs
> EEO Program Manager
> National Park Service
> Department of the Interior
> 1849 C Street, N.W.
> Washington, D.C. 20240-0001

If your client requests a final decision without a hearing, the Director, Office of Civil Rights (OCR), Department of the Interior will issue a final decision, within **sixty (60) calendar days** of the Agency's receipt of your client's request.

ACCEPTED CLAIM
PAGE **4** OF **10**

If your client is not satisfied with the final decision, your client may appeal to the EEOC, within **thirty (30) calendar days** of your client's receipt of the decision, **with a copy to the Director, OCR.** Your client's appeal must be made to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848
> Washington, D.C. 20036

Your client may also hand deliver his appeal to the following address:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> Appellate Review Programs
> 1801 L Street, N.W.
> Washington, D.C. 20507

Your client must submit a copy for the Director, OCR, as follows:

> Sharon D. Eller
> Director, Office of Civil Rights
> U.S. Department of the Interior
> 1849 C Street, N.W., Room 5214
> Washington, D.C. 20240

Your client has the right to file a civil action in an appropriate United States District Court after **one-hundred and eighty (180) calendar days** from the date of your client filing his complaint, if the agency has not made a final decision, and no appeal has been filed.

Your client has the right to file a civil action within **ninety (90) calendar days** of your receipt of the EEOC's decision, or after **one hundred and eighty (180) calendar days** of filing an appeal if EEOC has not made a final decision.

If you or your client have any questions concerning the scheduling of the investigation of your complaint, you may contact Joy Harris, EEO Manager, National Capital Region, at (202) 619-7020.

Sincerely,

for     *Mary E. Denery*

Dianne A. Spriggs
EEO Program Manager

**ACCEPTED CLAIM
PAGE 5 OF 10**

Enclosure
  Agreement to Extend Investigation


cc:  Joy Harris, EEO Manager, National Capital Region
     David Melson, Complainant

ACCEPTED CLAIM
PAGE 6 OF 10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID MELSON                           ) | |
| 17901 Merino Drive                     ) | |
| Accokeek, MD 20607                     ) | |
|                                        )  | Case No: 08-0287 (CKK) |
|              Plaintiff,                )  | Electronic Case Filing |
|        v.                              ) | |
|                                        ) | |
|                                        ) | |
| DIRK KEMPTHORNE, Secretary             ) | |
| U.S. DEPARTMENT OF THE INTERIOR,       ) | |
| NATIONAL PARK SERVICE,                 ) | |
|                                        ) | |
|              Defendant.                ) | |

**<u>ORDER</u>**

Upon consideration of Federal Defendant's Motion to Dismiss, and the opposition, if any, it

is

ORDERED that Federal Defendant's Motion to Dismiss is GRANTED, and it is

FURTHER ORDERED that this case is dismissed with prejudice.

Dated this _____ day of _____, 2008.


_____
COLLEEN KOLLAR-KOTELLY
United States District Judge