## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DAVID MELSON** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 08-287 (CKK)** |
| **v.** | ) | **(ECF)** |
| **KIRK KEMPTHORNE, Secretary** | ) | |
| **U.S. Department of the Interior,** | ) | |
| **NATIONAL PARK SERVICE,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |

_____

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff instituted this Title VII action for retaliation and hostile work environment employment discrimination by filing a complaint on February 20, 2008.  Prior to filing suit in this Court, Plaintiff complied with all administrative requirements by seeking EEO counseling from his employer, Defendant Department of Interior ("Department" or "Agency") on June 29, 2005, and filing a formal complaint with the Agency on October 18, 2005.  Because the Agency did not take final action within the 180 day period set forth in 42 U.S.C. § 2000e-16(c), Plaintiff sought redress from this Court.

Defendant has moved to dismiss the complaint on the basis that the complaint was not timely filed, Plaintiff failed to exhaust his administrative remedies with respect to all claims alleged in the complaint, and the claims are barred by laches.  Plaintiff submits this memorandum of law in opposition to the motion.

1

## STATEMENT OF FACTS

Defendant's statement of the facts alleged in the complaint is deficient in two critical respects.  First,  based on the Preliminary Statement in Defendant's memorandum of law as well as on Defendant's argument on the timeliness issue, it is clearly Defendant's position that Plaintiff moved to withdraw his complaint from agency consideration. However, as alleged in ¶ 107 of the Complaint, "On November 6, 2006, Plaintiff withdrew his complaint from EEOC *to return to the agency for its action*.  At the time of filing this complaint, Defendant has not adopted the action by EEOC or issued a final decision." (Emphasis added.)  The plain language of the complaint, thus, declares that Plaintiff asked to withdraw his complaint from the alternative avenue of an EEOC hearing and return it for completion of the administrative consideration of the agency.  Plaintiff did not allege that he withdrew his complaint from agency consideration because he took no such action. Defendant omitted the emphasized language of ¶ 107, which is significant to understanding the procedural posture of this case.

Second, Defendant asserts that the decision of the Administrative Judge (AJ) became final on January 8, 2007,  pursuant to 29 C.F.R. § 1614.109(i).  As discussed in Point I of the Argument, the decision of the AJ was a nullity and did not become final on January 8, 2007, or at any other time.

**ARGUMENT**

I.        **THE COMPLAINT SHOULD NOT BE DISMISSED AS
          UNTIMELY.**

Plaintiff  agrees with Defendant's general contention that this Court must construe the

factual allegations in the complaint in the light most favorable to Plaintiff and must grant

Plaintiff the benefits of all inferences that can be derived from the facts alleged in the

complaint.  *See generally Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However,

Defendant misconstrues the plain language in ¶ 107 of the complaint when the Department

argues that Plaintiff admits to having withdrawn his administrative complaint from Agency

consideration.  As alleged in the complaint, Plaintiff merely asked to withdraw his complaint

from the alternative of hearing before an EEOC AJ[1] so that it could be returned to the Agency

for further investigation, as clearly permitted by the regulations.

Pursuant to 42 U.S.C. § 2000e-16(c), a federal employee who has been aggrieved by a

violation of Title VII may bring action in federal district court within 90 days of receipt of

notice of final action taken by the employing agency or notice by the EEOC, upon an appeal

from a decision of the agency.  Absent notice of final action by the agency or the EEOC, the

employee may—but is not required to—bring suit *after*[2] the expiration of 180 days following

---

[1]Plaintiff's complaint was not before the EEOC AJ on appeal of final agency action, but pursuant to 29 C.F.R. § 1614.108(g), which authorizes an employee to request an EEOC hearing if 180 days have elapsed after the administrative complaint has been filed with the agency, and the agency has not completed its investigation.  The District of Columbia Circuit Court of Appeals has described the administrative route to be followed by federal employees aggrieved by discrimination as follows:

> Under EEOC regulations promulgated pursuant to Title VII, the employee (or job applicant) files a complaint with the employing agency.  29 C.F.R. § 1614.106(a).  The employing agency then conducts an investigation and, *if the employee so requests*, refers the matter to an EEOC Administrative Judge ("AJ") for a hearing. *Id.* §§ 1614.106(e)(2), 1614. 108-09. After the employing agency investigates or, if the employee requested a hearing, after the AJ issues a decision, the employing agency must "take final action." *Id.* § 1614.110. If the employee never requested a hearing, the employing agency's final action must "consist of findings . . . on the merits of each issue . . . and, when discrimination is found, appropriate remedies and relief." *Id.* § 1614.110(b). In cases where the employee requested a hearing, the employing agency's "final order shall notify the complainant whether or not the agency will fully implement the [AJ's] decision." *Id.* § 1614.110(a).

*Scott v. Johanns*, 409 F.3d 466, 468, 366 U.S. App. D.C. 196, 198 (D.C. Cir. 2005) , *cert. denied*, 546 U.S. 1089 (2006) (emphasis added).

[2]Defendant's memorandum of law mistakenly states at pages 6 and 7 that an employee may bring suit *within* 180 days after the filing of the EEO complaint if an appeal has not been filed and there is no final decision.

the filing of an administrative complaint. *See also* 29 C.F.R. § 1614.407(a), (b). The employee

is free to await final agency action, even after the expiration of 180 days. *See Gomez v. Dep't*

*of Air Force*, 869 F.2d 852, 858 n.12 (5th Cir. 1989) ("Essentially, the 180-day provision allows

the claimant to appeal to the district court if there has not been final agency action on his claim

after six months from filing the claim with the agency. The claimant does not have to file in

federal court at this time, but can choose to wait for a final determination. If the agency renders

a final decision after the 180 days, but before the claimant has filed in district court, then the

[current ninety]-day filing limitation is triggered."). In this case, there was no final agency

action triggering the 90-day filing requirement. The complaint, filed 180 days *after* the filing

of the EEO complaint, was, therefore, timely.

Defendant argues that the November 28, 2006, Order of the AJ "granting" Plaintiff's

request "to withdraw this complaint from the administrative EEO process" (Defendant's Exhibit

A) became the final action of the agency, pursuant to 28 C.F.R. § 1614.109(i), triggering the

90-day period within which to commence suit. The regulation on which Defendant relies

provides, in pertinent part: "If an agency does not issue a final order within 40 days of receipt

of the administrative judge's decision *in accordance with 1614.110*, then the decision of the

administrative judge shall become the final action of the agency." (Emphasis added.)

Subsection (a) of 29 C.F.R. § 1614.110 addresses final action by an agency following a decision

by an administrative judge. It states:

> *When an administrative judge has issued a decision under § 1614.109(b), (g) or*
> *(i)*, the agency shall take final action on the complaint by issuing a final order
> within 40 days of receipt of the hearing file and the administrative judge's
> decision. The final order shall notify the complainant whether or not the agency

will fully implement the decision of the administrative judge and shall contain notice of the complainant's right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits. If the final order does not fully implement the decision of the administrative judge, then the agency shall simultaneously file an appeal in accordance with § 1614.403 and append a copy of the appeal to the final order. A copy of EEOC Form 573 shall be attached to the final order.

(Emphasis added.) 29 C.F.R. § 1614.109(b) addresses dismissals by administrative judges, "pursuant to § 1614.107, on their own initiative, after notice to the parties, or upon an agency's motion to dismiss a complaint." Subsection (g) discusses decisions without a hearing, and subsection (i) addresses decisions on the merits. Since there was no hearing or evaluation of the merits by the AJ, only subsection (b) applies, and the AJ must have issued an order of dismissal pursuant to 29 C.F.R. § 1614.107, in order for his order of November 28, 2006, to have been treated as final agency action effective January 7, 2007, pursuant to 29 C.F.R. § 1614.110.

29 C.F.R. § 1614.107(a) authorizes dismissal of a complaint (1) for failure to state a claim or for stating a claim pending before or decided by the agency or EEOC; (2) for failure to comply with the applicable time limits for bringing administrative complaints of discrimination; (3) for bringing a complaint on a matter that is already pending before a United States District Court; (4) for bringing a complaint on a matter for which the employee has elected to pursue a non-EEO process; (5) on the basis of mootness or prematurity; (6) if the employee cannot be located through reasonable efforts and the employee has not responded within 15 days to a notice of proposed dismissal sent to his or her last known address; (7) if the employee fails to cooperate; (8) if the complaint merely alleges dissatisfaction with the

processing of a previously filed complaint; or (9) if the complaint is part of a clear pattern of

misuse of the EEO process for a purpose other than the prevention and elimination of

employment discrimination.   The regulation contains no authorization for dismissal of an

agency complaint with prejudice because the employee has asked to withdraw his request for

a hearing.  Even if the AJ had the authority to dismiss under these circumstances, he did not do

so "after notice to the parties," as required by 29 C.F.R. § 1614.109(b).

Because he acted without authority under the regulations, the AJ's November 28, 2006,

order was a nullity.  It did not obligate the Agency to take final action under 29 C.F.R. §

1614.110(a), and the failure of the Agency to issue a final decision 40 days after the AJ's order

did not transform the nullity into final agency action which started the clock running on

Plaintiff's time to file suit in this Court.  To treat the AJ's order as final agency action would

give credence to this clear abuse of discretion and make a mockery of the notice provisions

which permeate the regulations.


## II.     THE COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.[3]

As should be clear from the Statement of Facts and Point I of the Argument, Plaintiff did

not voluntarily dismiss his complaint.  Accordingly, he has not frustrated the Agency's efforts

to resolve his complaint.  On the contrary, the Agency's failure to continue its investigation

following Plaintiff's withdrawal of his request for a hearing and its failure to take any action on

---

[3]Plaintiff agrees that this lawsuit encompasses the claims identified at page 3 of Defendant's Exhibit C and set forth at page 10 of Defendant's memorandum of law.

the AJ's order, if, in fact, it truly believed that the order was lawful, frustrated Plaintiff's efforts to resolve this matter administratively.

*Mackay v. U.S. Postal Serv.*, 607 F. Supp. 271 (E.D. Pa. 1985), on which Defendant relies, in part, is inapposite because in *Mackay* the plaintiff's complaint was properly dismissed for lack of prosecution when he failed to provide further information on request of the agency. *See* 29 C.F.R. § 1614.107(a)(7). The Agency made no such request of Plaintiff. Quite the opposite, the Department ceased its investigation of Plaintiff's administrative complaint without notice to him. Furthermore, to the extent that *McRae v. Librarian of Congress*, 843 F.2d 1494, 269 U.S. App. D.C. 166 (D.C. Cir. 1988), also cited by Defendant, is applicable at all, it supports Plaintiff's position that he was not required to go forward with a hearing before the EEOC AJ, since in that case the court found that the employee's failure to continue to pursue an optional hearing before a complaints examiner did not bar her from bringing a Title VII action in the United States District Court.

**III.       PLAINTIFF'S CLAIMS ARE NOT BARRED BY LACHES.**

As has been made clear in Points I and II of this Argument, Plaintiff did not voluntarily dismiss his suit in November 2006. Rather, the EEOC AJ abused his discretion in issuing an order of dismissal of Plaintiff's properly filed administrative complaint with prejudice. Because the AJ's order was outside the scope of his authority, as set forth in the regulations, Plaintiff did not act unreasonably in waiting for the Agency to issue a final decision, either making its own findings on the merits following investigation or rejecting or adopting the AJ's order. Given

that the AJ had no authority to issue the order of dismissal with prejudice, Plaintiff was not on

notice that the order would become the final decision of the Agency after 40 days.  Moreover,

since agencies frequently take a year or more to complete their investigations, it was not

unreasonable under the circumstances for Plaintiff to wait until February 2008 to bring suit in

this Court.

Due to the highly irregular actions of the AJ and the Agency in handling Plaintiff's

administrative complaint, any delay that may have occurred in bringing suit was far from

inexcusable.  In any event, laches is an affirmative defense, *Nat'l Wildlife Fed'n v. Burford*, 835

F.2d 305, 318, 266 U.S. App. D.C. 241, 254 (D.C. Cir. 1987), and Defendant has not met its

burden of proof of showing prejudice by unsupported assertions in a memorandum of law that

"[t]ime has passed, witnesses have retired, and memories have faded."   (Defendant's

memorandum of law at p. 11.)  Accordingly, this Court should not find that the complaint is

barred by laches.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be denied, and Defendant should be directed to answer the complaint and permit Plaintiff to proceed with prosecution of this action.

Dated:          July 5, 2008                              Respectfully submitted,

                                                          _____/s/_____
                                                          E. Ned Sloan, Esq.
                                                          D.C. Bar # 45198
                                                          Sloan & Associates, PLLC
                                                          7600 Georgia Avenue, N.W.
                                                          Suite 208
                                                          Washington, D.C.  20012
                                                          Telephone:  (202) 829-0886
                                                          Facsimile:  (202) 829-4249

                                                          Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


DAVID MELSON,               )
                                      )
       Plaintiff,          )
                                      )       Case No 08-0287 (CKK)
       v.                 )       (ECF)
                                        )
DIRK KEMPTHORNE,     )
Secretary,                 )
U.S. Department of the Interior,  )
       Defendant.      )
_____)

**ORDER**

Upon consideration of Plaintiff's Memorandum of Law in Opposition and Defendant's

Motion to Dismiss, it is


ORDERED that Plaintiff's Opposition to Dismiss is  GRANTED.

Dated this_____day of _____,2008.


_____


_____
COLLEEN KOLLAR-KOTELLY
United States District Judge


11