UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MELSON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )     Civil Action No. 08-287 (CKK) |
| | ) |
| DIRK KEMPTHORNE, Secretary | ) |
| U.S. DEPT. OF INTERIOR, | ) |
| NATIONAL PARK SERVICE | ) |
| | ) |
|     Defendant. | ) |

**REPLY TO OPPOSITION TO
MOTION TO DISMISS**

Plaintiff asserts a claim of retaliatory hostile work environment against the defendant pursuant to the Civil Rights Act, Title VII, 42 U.S.C. sec. 2000e *et seq*. Plaintiff sought informal EEO counseling on June 29, 2005, and filed a formal complaint on October 18, 2005 and requested a hearing. Complaint ¶¶ 104-105. On November 28, 2006, Plaintiff's attorney, E. Ned Sloan, filed a Motion to Withdraw Complaint in which he requested to withdraw Plaintiff's complaint and Plaintiff's request for a hearing. Complaint ¶ 107. By Order dated November 29, 2006, the administrative judge granted Plaintiff's request and dismissed Plaintiff's complaint with prejudice. Def.'s Mot. to Dismiss, Attachment A, Notice of Withdrawal. Plaintiff filed this action in district court on February 20, 2008.

Defendant moved to dismiss the complaint on the grounds that plaintiff's lawsuit was untimely filed, that he failed to exhaust his administrative remedies, and that his claim is barred by laches. Plaintiff opposes this motion. Defendant replies as follows.

PLAINTIFF'S LAWSUIT IS UNTIMELY AND SHOULD BE DISMISSED.

Under the Civil Rights Act, as amended in 1991, an aggrieved party must file a civil action, if any, in federal district court in conformity with a certain time frame. 42 U.S.C.A. sec. 2000e-16(c). Following the initiation of administrative proceedings, an aggrieved party may file a civil action within 90 days of final action by the EEOC, or within 180 days from the date of filing the EEO complaint if an appeal has not been filed and a final decision has not been issued. *Id.*[1] 29 C.F.R. sec. 1614.407(a)(b).

Plaintiff withdrew his EEO complaint and his request for a hearing prior to final agency action. Complaint ¶ 107. An order was issued dismissing Plaintiff's EEO complaint with prejudice. Def.'s Mot. to Dismiss, Attachment A. That order became the final agency action on January 8, 2007. Plaintiff did not file a civil action in district court until February 20, 2008, more than a year after the EEOC administrative judge's order became final.

---

[1] 42 U.S.C.A. sec 2000e-16(c) provides:

Civil action by employee or applicant for employment for redress of grievances; time for bringing of action; head of department, agency, or unit as defendant

Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Plaintiff states that he sought redress for his grievances in district court because the agency did not take final action within 180 days of the filing of his EEO complaint. 42 U.S.C. § 2000e-16(c). Opp'n at 1. Plaintiff concedes that he withdrew his EEO complaint[2] but argues that it was his intent not " to dismiss the case but to return to the agency for its action." Compl. ¶ 107. Opp'n at 2-4. He denies that his withdrawal of the complaint had the effect of "with[drawing] the complaint from agency consideration". Opp'n at 2. Notably, plaintiff fails to address the fact that following his withdrawal of the complaint, the administrative judge dismissed the complaint with prejudice and Plaintiff took no action to either appeal that decision or to file in district court.

Likewise, there is no support for plaintiff's argument that he was "free to await final agency action, even after the expiration of 180 days." Opp'n at 5. He argues that he had the option of filing in district court or waiting–apparently indefinitely–for a final agency decision even after the EEO complaint was dismissed at his request. The 5th Circuit case cited by Plaintiff–*Gomez v. Dep't of Air Force*, 869 F. 2d 852, is not helpful because the two cases share no common facts. Gomez was a painter employed by the Air Force whose job was terminated. He filed a "mixed case" with the Merit Systems Protection Board alleging discrimination on the bases of national origin and handicap. The MSPB rejected both of Gomez' claims and sustained his job termination. On appeal, the EEOC sided with the MSPB with regard to the national

---

[2]This concession is at odds with Plaintiff's argument that the administrative judge's dismissal was a nullity because he did not have the authority to dismiss the complaint when plaintiff merely withdrew his request for a hearing. Opp'n at 7. Plaintiff's latter argument should be disregarded because it is undisputed that Plaintiff made a motion to withdraw both his complaint and his request for a hearing. *See* attached Plaintiff's Mot. to Withdraw Complaint. The administrative judge granted Plaintiff's motion. Def.'s Mot. to Dismiss, Attachment A.

origin claim but referred the handicap claim back to the MSPB for additional evidence. On the same day, the EEOC issued a right-to-sue letter to Gomez notifying him of his right to file suit in district court within 30 days. He filed an action within 31 days of having received the letter.

The issue in *Gomez* was whether the EEOC's decision was final with respect to the national origin claim. The answer to this question depended on whether the EEOC had severed the two claims. The Court of Appeals held that the claims were not severed, and that therefore the EEOC's decision on plaintiff's national origin claim was not final for the purposes of the thirty-day limitation period. Thus, Gomez' national origin claim was timely filed.

In the instant case, plaintiff initiated a claim of discrimination with his agency employer by filing an EEO complaint. He then requested a hearing which led to the appointment of an administrative judge. Thereafter, he withdrew his EEO complaint which ended the matter and obviated any need for the agency to render a final decision on the merits. Plaintiff's action led to the dismissal of his claim with prejudice by the administrative judge–a decision which the plaintiff did not contest. Under these circumstances, there is no basis for plaintiff to argue that it was reasonable for him to wait for the agency to issue a final decision on the merits.

## Conclusion

For the foregoing reasons, defendant requests that this case be dismissed in its entirety for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

                Respectfully submitted,


                \_/s/_____
                JEFFREY A. TAYLOR
                D.C. Bar No. 498610
                United States Attorney


                \_/s/_____
                RUDOLPH CONTRERAS
                D.C. Bar No. 434122
                Assistant United States Attorney


                \_/s/_____
                CHARLOTTE A. ABEL
                D.C. Bar No. 388582
                Assistant United States Attorney
                555 Fourth St., N.W.
                Washington, D.C. 20530
                (202) 307-2332


OF COUNSEL:

Jacqueline Jackson
Attorney-Advisor
Office of the Solicitor
U.S. Department of the Interior

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office

| | |
|---|---|
| David Melson )<br>    Complainant )<br>)<br>v. )<br>Dirk Kempthorne, Secretary )<br>Department of Interior, )<br>    Agency. )<br>)<br>) | EEOC No. 2006-00589X<br>Agency No. FNP- 2006-005<br><br>Joel Kravatz<br>Administrative Judge |

## MOTION TO WITHDRAW COMPLAINT

COMES NOW complainant by and through undersigned counsel and files this Motion To Withdraw Complaint and the Request for a Hearing.

Respectfully submitted,

*/s/ E. Ned Sloan*

SLOAN & ASSOCIATES, PLLC
7600 Georgia Ave. NW
Suite 208
Washington, DC 20012
Tele: 202.829.0886
Fax: 202.829.4249

## CERTIFICATE OF SERVICE

I HEREBY certify that I sent by facsimile a true copy of the foregoing Motion To Withdraw Complaint on November 28, 2006, to Jacqueline Jackson, Esq., Agency attorney, at (202) 208-3230.

By: */s/ E. Ned Sloan*
E. Ned Sloan
Counsel for complainant