UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MELSON,<br><br>      Plaintiff,<br><br>      v.<br><br>KEN SALAZAR, Secretary of the United States Department of the Interior,<br><br>      Defendant. | Civil Action No. 08-287 (CKK) |

MEMORANDUM OPINION
(February 23, 2009)

Plaintiff David Melson brings this suit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, against Defendant Ken Salazar, in his official capacity as Secretary of the United States Department of the Interior, based on allegations of retaliation and a hostile work environment during Plaintiff's employment with the National Park Service.[1]  Currently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint.  After thoroughly reviewing the parties' submissions, applicable case law, and statutory authority, the Court agrees with Defendant that Plaintiff's claims are time-barred.  Accordingly, the Court shall GRANT Defendant's [6] Motion to Dismiss in its entirety, for the reasons set forth below.

I. BACKGROUND

Plaintiff began his employment with the National Park Service of the United States

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substitutes Ken Salazar as the successor to the originally-named Defendant, Dirk Kempthorne.

Department of the Interior in April 1995.[2]  Compl. ¶ 8.  Plaintiff was promoted to a supervisory position in late 2001 or early 2002.  *Id.* ¶¶ 20, 53-54.  He alleges that he was subject to numerous incidents of discrimination by his supervisors and several of his co-workers, and that his supervisors initially refused to promote him based on his race and retaliated against him once he ultimately received his promotion.  *Id.* ¶¶ 55-103.

Plaintiff sought EEO counseling on June 29, 2005.[3]  *Id.* ¶ 104.  Plaintiff filed a formal complaint on October 18, 2005, which was assigned the identifier "FNP-2006-005."  *Id.* ¶ 105.  After more than 180 days had elapsed, in September 2006, Plaintiff exercised his right to request a hearing before an Administrative Law Judge ("ALJ").  *Id.* ¶ 106.  Prior to participating in a hearing before the ALJ, and for reasons that are unexplained in Plaintiff's Complaint, on November 6, 2006, Plaintiff (operating through counsel) withdrew his complaint, apparently because he wanted to "return to the agency for its action."  *Id.* ¶ 107.  Pursuant to that request, the ALJ dismissed Plaintiff's Complaint *with prejudice*:

> On November 28, 2006, I received a facsimile from Complainant's Representative, wherein he expressed Complainant's desire to withdraw his complaint from the administrative EEO process.  Accordingly, I GRANT Complainant's request, and I DISMISS this complaint with prejudice.

Def.'s Mot., Ex. A at 1 (11/29/06 Notice of Withdrawal).  The ALJ's Order specifically referenced the identifier that had been assigned to Plaintiff's formal complaint (FNP 2006-005).

---

[2] In discussing these facts, the Court accepts as true all well-pleaded factual allegations in Plaintiffs' Complaint, as it must on a Motion to Dismiss.  *Scandinavian Satellite Sys. v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002).  The Court notes that Plaintiff filed his Complaint *pro se*, but has since retained counsel who filed an Opposition to Defendant's Motion to Dismiss on Plaintiff's behalf.

[3] Although the Complaint mistakenly alleged that the date was June 29, 2007, the parties agree that the correct date is June 29, 2005.  *See* Def.'s Mot. at 4; Pl.'s Opp'n at 1.

*Id.*[4]

Following the dismissal of Plaintiff's complaint with prejudice on November 29, 2006, Plaintiff apparently took no further action related to his complaint. Nevertheless, on February 20, 2008 (*i.e.*, over one year later), Plaintiff filed a Complaint in this Court alleging that "he is entitled to pursue his claim" because "[i]t is more than 180 days since [he] filed his charge of discrimination." Compl. ¶ 108. Defendant filed a Motion to Dismiss Plaintiff's Complaint as time-barred, or alternatively, because Plaintiff failed to exhaust his administrative remedies or because Plaintiff's claims are barred by the doctrine of laches. Plaintiff filed an Opposition to Defendant's Motion and Defendant filed a Reply. Because the Court finds that Plaintiff's Complaint is time-barred, the Court does not reach Defendant's alternative legal arguments.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C.

---

[4] The Court may consider the ALJ's dismissal order for purposes of Defendant's Motion to Dismiss because it is a public record and it is also referenced in, and central to, Plaintiff's Complaint. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

1994). While the court must construe the Complaint in the plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). *See also Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (affirming lower court's reliance on an administrative record when deciding a motion to dismiss, where the court used the record to resolve legal questions and not to test factual allegations in the complaint); *Koutny v. Martin*, 530 F. Supp. 2d 84, 89 (D.D.C. 2007) (explaining that a court may take notice of public documents, such as court records, when deciding a motion to dismiss).

### III. DISCUSSION

Defendant's Motion to Dismiss implicates a well-established body of law. Prior to seeking relief in federal court under Title VII, a federal employee must exhaust his administrative remedies. *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) ("[c]omplainants must timely exhaust these administrative remedies before bringing their claims to court") (citing *Brown v. GSA*, 425 U.S. 820, 832-33 (1976)). Pursuant to that requirement, an employee must first consult an EEOC counselor within forty-five days of an alleged discriminatory action to attempt an informal resolution of the matter. 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved informally, the employee may file a formal complaint of discrimination against the

agency. *Id.* § 1614.106. The agency is obligated to conduct "an impartial and appropriate investigation of the complaint within 180 days of the filing of the complaint unless the parties agree in writing to extend the time period." *Id.* § 1614.106(e)(2). If the investigation is not completed after 180 days, the employee may (but is not required to) request a hearing and decision from an ALJ.

If and when an ALJ is appointed, the ALJ "assume[s] full responsibility for the adjudication of the complaint, including overseeing the development of the record." *Id.* § 1614.108(a). Once the ALJ issues a decision, the agency must issue a final agency order within 40 days or the ALJ's decision itself becomes the final agency decision. *Id.* § 1614.110(i). The ALJ may also dismiss an employee's complaint for various reasons, including those specifically enumerated in Section 1614.107 (listing nine reasons for dismissal), or "on [his] own initiative, after notice to the parties, or upon an agency's motion to dismiss a complaint." *Id.* § 1614.109(b). An employee may appeal a "final action or dismissal of a complaint" within "30 days of receipt of the dismissal, final action or decision." *Id.* §§1614.401(a), 402(a). An employee may also file a civil action in federal court within 90 days if no appeal has been filed, *id.* § 1614.407(a), or after 180 days if an appeal has not been filed and a final action has not been taken, *id.* § 1614.407(b).

In this case, the Court finds that Plaintiff's claims are time-barred. Plaintiff filed a complaint of discrimination with the Department of the Interior on October 18, 2005, and appears to have retained counsel no later than November 2005. *See* Def.'s Mot., Ex. B at 2 (11/16/05 Report of Counseling) (identifying Plaintiff's counsel). Plaintiff then requested a hearing and decision from an ALJ after the investigation into his complaint was not completed

within 180 days.  Through counsel, Plaintiff thereafter requested that his complaint be withdrawn, and the ALJ granted his request and dismissed his complaint with prejudice on November 29, 2006.  Because the agency did not issue a final order after the ALJ issued his decision, the ALJ's decision became the final agency action.  *Id.* § 1614.110(i).  Plaintiff did not file an appeal of the ALJ's dismissal.  Accordingly, Plaintiff had 90 days to file a Complaint in this Court, which expired February 27, 2007, well before the date that this suit was actually filed (February 20, 2008).  It is well-established that a party who fails to timely file their claims in federal court within 90 days of an agency's final action is time-barred from subsequently raising such claims.  *Na'Im v. Rice*, 577 F. Supp. 2d 361 (D.D.C. 2008) (dismissing the plaintiff's non-selection discrimination claim because 18 months had passed between the final agency decision and the civil suit filed in federal court); *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) ("[c]ourts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day") (citing *Smith v. Dalton*, 971 F. Supp. 1, 2-3 (D.D.C. 1997)).

Plaintiff justifies his untimely Complaint on the basis that the ALJ lacked authority to dismiss his complaint *with prejudice*.  *See* Pl.'s Opp'n at 5-7.  According to Plaintiff, because "[t]he regulation[s] contain[] no authorization for dismissal of an agency complaint with prejudice because the employee has asked to withdraw his request for a hearing . . . [his] November 28, 2006[] order was a nullity."  *Id.* at 7.

This argument lacks merit.  Even assuming that the ALJ should not have dismissed Plaintiff's complaint with prejudice, the undisputed fact is that the ALJ *did, in fact, dismiss*

*Plaintiff's complaint with prejudice.*[5]  At that point, the regulations set forth above provided Plaintiff with two choices.  He could have sought reconsideration of the decision by appealing it to the agency within 30 days, arguing that he did not intend to have his complaint dismissed with prejudice.  29 C.F.R. §§1614.401(a), 402(a).  He could have also filed a complaint in this Court within 90 days, as the ALJ's decision became the final agency action after 40 days.  *Id.* § 1614.110(i).  Plaintiff did not choose either of these courses of action, but settled instead on one the regulations do not permit – ignoring the dismissal order for more than one year, and then bringing a Complaint in this Court as if the ALJ's dismissal order had not been issued.  Regardless of whether Plaintiff believed the ALJ's dismissal was sufficiently supported by the applicable regulations, Plaintiff was required to take *some* action under the applicable regulations to pursue his employment claims.  Because he did not take any action prior to the expiration of his right to bring suit within 90 days, the Court must dismiss his Complaint as time-barred.

As a final matter, the Court notes that Plaintiff's explanation as to why he did not continue to press his discrimination complaint through either an appeal or a timely suit in this Court is unfounded.  According to Plaintiff, he believed that the dismissal of his complaint by the ALJ would "return it for completion of the administration consideration [*i.e.*, investigation] [by] the agency."  Pl.'s Opp'n at 2.  Because the agency is yet to have issued a final decision (because

---

[5] To be clear, the Court does not agree with Plaintiff's premise that the ALJ acted without sufficient legal authority.  Pursuant to 29 C.F.R. § 1614.109, an ALJ may dismiss a complaint if it has become moot.  *Id.* § 1614.107(5).  A motion by an employee to withdraw his complaint would certainly render the complaint moot.  An ALJ may also dismiss a complaint "on [his] own initiative, after notice to the parties."  *Id.* § 1614.109(b).  An employee who requests to have his complaint withdrawn certainly has notice that his complaint may be dismissed.  Nevertheless, whether the ALJ's actions were supported by the applicable regulations is irrelevant for the reasons described above.

Plaintiff's complaint has been dismissed), Plaintiff believes he is still entitled to bring suit in federal court. *Id.*

The problems with this argument are numerous. First, Plaintiff should have been on notice that an investigation of his claims would not continue where the ALJ interpreted his request as "withdraw[ing] his complaint from the administrative EEO process," and not simply withdrawing his complaint before the ALJ. Def.'s Mot., Ex. A (11/29/06 Dismissal Order). Second, the ALJ's use of the phrase "dismiss[ed] . . . with prejudice" should have also provided Plaintiff with notice that an investigation into his dismissed claims would not continue. *Id.* Third, the identifier referenced by the ALJ (FNP 2006-005) is the same identifier that was assigned to plaintiff's complaint during the investigatory phase before the agency. *See* Compl. 105. There would be no reason, therefore, that an investigation of Plaintiff's claims would continue *after* the same claims had already been dismissed by the ALJ. Fourth, although Plaintiff fails to identify any legal authority supporting the supposition that an ALJ's decision to dismiss a complaint should result in the reopening of its preceding investigation, the regulations set forth above belie such a notion by explaining that an ALJ "assume[s] full responsibility for the adjudication of the complaint." 29 C.F.R. § 1614.108(a). There is no reference in the regulations to any residual or concurrent agency investigatory authority after a complaint has been assigned to an ALJ. Finally, if Plaintiff's argument were correct, he would also have been entitled to file the present suit years from now because the agency is never going to issue a final decision based on the investigation of his claims (because the claims have already been dismissed). Such an open-ended time frame is inconsistent with the strict scheme of administrative exhaustion set forth above.

Because Plaintiff's Complaint is dismissed as time-barred, the Court does not–and cannot–express any view as to the merits of Plaintiff's employment retaliation and hostile work environment claims.

### IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendant's [6] Motion to Dismiss.  This case shall be dismissed in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

Date: February 23, 2009

                                                                 /s/
                                            **COLLEEN KOLLAR-KOTELLY**
                                            United States District Judge